## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **BENITA DIXON,** *individually and on behalf of all others similarly situated*, | **CIVIL ACTION** |
| Plaintiff, | **NO. 24-1057-KSM** |
| *v.* | |
| **LINCOLN UNIVERSITY,** | |
| Defendant. | |

## <u>ORDER</u>

**AND NOW**, this 12th day of May, 2025, upon consideration of Plaintiff's motion for preliminary approval of the class action settlement (Doc. Nos. 36, 36-1, 36-2, 36-3, 36-4, 36-5, 36-6, 36-7), and following a preliminary approval hearing held on May 6, 2025, the Court finds as follows:

1.     Plaintiffs' motion is **GRANTED** for the reasons set forth in the accompanying memorandum.

2.     For settlement purposes only, the Court certifies the following settlement class pursuant to Federal Rules of Procedure 23(a) and 23(b)(3):

   a. All Lincoln University students enrolled in the Spring 2020 Semester for at least one in-person class who did not withdraw by March 12, 2020 for whom any amount of tuition or fees was paid to Lincoln from any source other than a scholarship, grant, or tuition remission from Lincoln, and whose tuition and/or fees have not been fully refunded.

   Excluded from the settlement class are (i) any students who received full scholarships or tuition remission from Lincoln; (ii) Lincoln and its officers, trustees and their family members; and (iii) all persons who properly execute and file a timely opt-out request to be excluded from the Settlement Class.

3.     The Court preliminarily **APPROVES** the settlement set forth in the settlement agreement (Doc. No. 36-3), which appears to be the product of serious, informed, and arm's-length negotiations between the parties and appears to be fair, adequate, and reasonable to the settlement class so as to fall within the range of possible final approval.

4.     The Court approves the proposed form and content of the short-form notice (*id.* at 53–55) and long-form notice (*id.* at 56–65.) and orders the parties to proceed with dissemination of the notice as provided in the settlement agreement (*see id.*).   The Court finds that the proposed process for providing notice to the class as set forth in the settlement agreement fulfills the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, provides the best notice practicable under the circumstances, and will provide adequate notice to all class members.

5.     Plaintiff Benita Dixon is appointed to act as a representative of the Class pursuant to Federal Rule of Civil Procedure 23.

6.     The following attorneys are appointed as class counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> Nicholas A. Colella, Esquire
> Lynch Carpenter, LLP
> 1133 Penn Ave, 5th Floor
> Pittsburgh, PA 15222
> (412) 332-9243
>
> Anthony Alesandro, Esquire
> Leeds Brown Law
> 1 Old Country Road
> Carle Place, New York 11514
> (516) 873-9550

2

7. RG/2 Claims Administration, LLC ("RG/2") is appointed as the settlement administrator.

8. Class members may opt-out or object up to forty-five (45) days after the issuance of the short-form notice (the "Opt-Out Period").

9. Class members may opt out of the settlement by mailing a written letter to the settlement administrator containing the following information:

   a. The class member's full name.

   b. The class member's address.

   c. The class member's phone number.

   d. The case name: "*Dixon v. Lincoln University.*"

   e. All counsel representing the class member seeking to opt out, if any.

   f. The following statement, or a statement to a similar effect: "I hereby request to be excluded from the proposed settlement class in *Dixon v. Lincoln University*, Case No. 24-1057-KSM."

   g. The class member's signature.

10. Class members may only opt themselves out; they may not opt out other class members, nor may a representative (such as an attorney) submit an opt out request on a class member's behalf.

11. Any member of the settlement class who does not properly and timely opt-out of the settlement shall, upon entry of the Order and Final Judgment, be bound by all the terms and provisions of the settlement agreement and release, whether or not such class member objected

to the settlement and whether or not such class member received consideration under the settlement agreement.

12. Class members who wish to object to the settlement must mail a written objection to the settlement administrator, class counsel, and to the Court.[1]  The objection must include the following information:

   a.  The objector's full name.

   b.  The objector's address.

   c.  The objector's phone number.

   d.  Proof that the objector is a member of the settlement class.

   e.  The reasons the objector objects to the proposed settlement agreement, including any factual or legal basis for objection.

   f.  All counsel representing the objector, if any.

   g.  A list, including case name, court, and docket number, of all other cases in which the objector's counsel has filed an objection in any proposed class action settlement in the past five years.   A statement regarding whether the objector intends to appear at the Final Approval Hearing.

   h.  The objector's signature.

13. The Court adopts the following schedule for the remaining events in this case, which ensures that the appropriate state and federal officials are served with the notification required by the Class Action Fairness Act:

---

[1] To submit a written objection to the Court, the objector can address mail to Clerk, United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106, submit an objection in-person with the Clerk of Court, or file objections electronically through the Court's Electronic Claims Filing system.

| Event | Date |
|---|---|
| RG/2 provides CAFA notice required by 28 U.S.C. § 1715(b) | May 22, 2025. |
| Lincoln University provides contact information of class members | May 26, 2025. |
| RG/2 sends short-form notice to class members and establishes the settlement website | June 26, 2025. |
| Compliance with CAFA Waiting Period under 28 U.S.C. § 1715(d) | 90 days after the appropriate governmental offices are served with CAFA notice. |
| Postmark deadline for requests for exclusions and objections | August 10, 2025. |
| Deadline to file Plaintiff's Motion for Attorneys' Fees, Litigation Costs, and Service Award | July 25, 2025. |
| Deadline to file Plaintiff's Motion for Final Approval of the Settlement Agreement | August 25, 2025. |
| Deadline for Plaintiff to file any Response to Objections or Supplement to Motion for Final Approval | September 1, 2025. |
| Deadline for RG/2 to file or cause to be filed, if necessary, a supplemental declaration with the Court | September 1, 2025. |
| Final Approval Hearing | September 15, 2025, at 10:30 a.m.   The Final Approval Hearing will be held in Courtroom 16-B of the James A. Byrne United States Courthouse, 601 Market Street, Philadelphia, PA. |

**IT IS SO ORDERED.**

/s/ *Karen Spencer Marston*
KAREN SPENCER MARSTON, J.